JUL 3 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Thomas D. DeMartino, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-1256 |
| United States Copyright Office *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint against two United States agencies and his application to *proceed in forma pauperis*. The application will be granted and the case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, a resident of Salem, Oregon, sues the United States Copyright Office and the Library of Congress for monetary damages exceeding $144,000 and equitable relief. *See* Compl. at 8. The gist of the complaint is that the Copyright Office allegedly "destroyed evidence of Plaintiff's future copyright claims, destroying books on file," apparently while accepting "a fee for the service of copyright protection." *Id.* at 1-2. Allegedly, plaintiff "registered two literary volume[s] on July 27, 2002 for copyright protection and paid the required fee, enclosing two literary works." *Id.* at 2. "Plaintiff contacted the defendants on several occasions to determine the whereabouts of [his works]," but was unsuccessful. *Id.* at 3-4. Allegedly, plaintiff was told "that if [his works] were not on file with the Library of Congress, [] they would have

been destroyed, sold, or donated without any indication on the copyright record, or Notice sent to copyright holders." *Id.* at 4.

Plaintiff invokes 42 U.S.C §§ 1983, 1985, 1988, Compl. at 1, but none of those statutes authorizes a cause of action against the United States. Furthermore, the United States has not consented to be sued for constitutional torts. *See* 28 U.S.C. § 1346(b); *Jones v. U.S.*, 296 Fed. Appx. 82, 83 (D.C. Cir. 2008) (citing *Clark v. Library of Congress*, 750 F.2d 89, 103 n.31 (D.C. Cir. 1984)).

A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Since plaintiff has not indicated that he exhausted his administrative remedies under the FTCA, this case will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

Date: July 17, 2012

_____
United States District Judge